## ARLENE MARTIN v. EARL L. MARTIN

26 So. (2nd) 183                                        January Term, 1946
May 24, 1946                                                    Division A

*Coe & Eggart,* for appellant.

*Woodrow M. Melvin* and *A. L. Johnson,* for appellee.

ADAMS, J.:

Appellant sued for divorce on the grounds of adultery, habitual intemperance and extreme cruelty. She also asked for alimony, costs, etc. The husband answered with a counter charge of adultery and sought a decree for one-half of the home place which stood in the wife's name. Each party asked for custody of the two boys, ages 4 and 9 years.

The chancellor found neither guilty of adultery. Appellant was granted a divorce on the other two grounds. Custody of the 9 year old child was given the father during the winter months; the younger child was awarded the mother. The arrangement was to be reversed in the summer. It was decreed that the home and furniture was the property of each as tenants in common. A fund of several hundred dollars, belonging to appellee but which had been impounded, was ordered released to him. Attorney's fees, alimony, costs and support for the children were denied. The chancellor indicated that if appellee should fail to permit appellant to occupy the home or to receive the income from it, an order would be made for alimony and maintenance of the children.

The decree is under attack for the very obvious reason that it did not settle one of the essential questions submitted in litigation: namely, alimony and support of the children. This question is suspended subject to the notion of the convicted appellee. The decree, in this respect, was erroneous. Public policy demands that when a marriage relationship is terminated, each party shall be placed in a position to rehabilitate himself and start anew, completely free of the former spouse. The decree of divorce is a conclusive presumption that the possibility of restoring the marital status is gone forever. When the questions in dispute are submitted, as in this case, it is the duty of the court to decide them. The record shows appellant was entitled to alimony and appellee was fully able to respond. An appropriate award should have been made.

The decree is next attacked for granting custody of the children to appellee. This was error. The evidence abundantly sustained the appellee's guilt on the two charges stated above. Appellant was exonerated. The children were of tender ages and had been reared under the shelter of their mother's care. They seldom had been with their father. We cannot bring ourselves to the conclusion of sending these young boys into the custody of such an offensive father, who, apparently, has no desire or inclination to mend his ways or to change his environment. The custody of the children should have been awarded the mother with proper allowance for their maintenance.

The last question relates to the failure to award attorney's fees and costs of court. The general rule is that the loser must pay the costs. There are exceptions but this does not appear to be one. Appellant's attorney was required to expend much time and skill in the prosecution of the case as well as defending the counter charge. While success is not a prerequisite to the granting of a fee, the fact is appellant was successful in her own case as well as in defense of the counter suit. The only prospect of compensation is from an order against appellee. As stated above, appellee has ample funds to pay and should be ordered to pay all costs including suitable counsel fees.

The decree is reversed for the entry of a decree consistent with this opinion.

CHAPMAN, C. J., TERRELL and BUFORD, JJ., concur.